UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDSAY AMANDA CLEMM,

   Plaintiff,

  v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.

17-CV-101
DECISION & ORDER

---

On February 2, 2017, the plaintiff, Lindsay Clemm, brought this action under the Social Security Act ("the Act"). She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled. Docket Item 1. On August 14, 2017, Clemm moved for judgment on the pleadings, Docket Item 14; on October 13, 2017, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 15; and on November 17, 2017, Clemm replied, Docket Item 18.

For the reasons stated below, this Court denies Clemm's motion and grants the Commissioner's cross-motion.

## **BACKGROUND**

### I.  PROCEDURAL HISTORY

On March 8, 2013, Clemm applied for Supplemental Security Income benefits. Docket Item 9 at 162. She claimed that she had been disabled since April 10, 2010, due to fibromyalgia, obsessive compulsive disorder, depression, and anxiety. *Id.* at 85.

On September 30, 2013, Clemm received notice that her application was denied because she was not disabled under the Act. *Id.* at 109. She requested a hearing before an administrative law judge ("ALJ"), *id.* at 107, which was held on May 7, 2015, *id.* at 13. The ALJ then issued a decision on August 25, 2015, confirming the finding that Clemm was not disabled. *Id.* at 27. Clemm appealed the ALJ's decision, but her appeal was denied, and the decision then became final. *Id.* at 5.

## II.    RELEVANT MEDICAL EVIDENCE

The following summarizes the evidence most relevant to Clemm's objection. Clemm was examined by several different providers but three—Yu-Ying Lin, Ph.D., Juan Echevarria, M.D., and Laura Cushman, Ph.D.—are of most significance to the claim of disability here.

### A.    Yu-Ying Lin, Ph.D.

Yu-Ying Lin, Ph.D., is a psychologist who saw Clemm for a consultative examination on July 26, 2013. Docket Item 9 at 436. Dr. Lin opined about several limitations, finding that Clemm was "mildly limited [in] maintaining attention and concentration and maintaining a regular schedule" and "moderately limited in performing complex tasks independently" and in "appropriately dealing with stress." *Id.* at 437. Despite those mild to moderate limitations, Dr. Lin also opined that Clemm's psychiatric problems did "not appear to be significant enough to interfere with the claimant's ability to function on a daily basis." *Id.*

### B. Juan Echevarria, M.D.

Juan Echevarria, M.D., is a state agency psychiatric consultant. Dr. Echevarria reviewed the record evidence and assessed Clemm's functional ability. *Id.* at 85-89; 95-99. Dr. Echevarria opined that although Clemm's attention, concentration, and memory were "impaired," she was "able to complete [activities of daily living] independently" and had no "Restriction of Activities of Daily Living." *Id.* at 89; 99.

### C. Laura Cushman, Ph.D.

Laura Cushman, Ph.D., is a psychologist who evaluated Clemm before surgery at the request of her gastroenterologist. *Id.* at 365. Dr. Cushman found Clemm to have a GAF score[1] of 74, which indicates that if symptoms are present, they are transient, expected reactions to psychosocial stressors and no more than slight impairments to daily functioning. *Id.* at 367.

## III. THE ALJ'S DECISION

In denying Clemm's application, the ALJ evaluated her claim under the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R. § 404.1520. At the first step, the ALJ must determine whether the claimant is

---

[1] The GAF score is a scale used by mental health clinicians and physicians to rate the social, occupational, and psychological functioning of an individual. Scores range from 1 to 100. A score of 51-60 indicates moderate symptoms (such as a flat affect, circumlocutory speech, or panic attacks) or moderate difficulty in social, occupational, or school functioning; a score between 41-50 indicates more serious symptoms; and a score above 61 indicates only mild symptoms. *See What Does My GAF Score Mean?*, HEALTHLINE, https://www.healthline.com/health/gaf-score (last visited Mar. 26, 2019).

currently engaged in substantial gainful employment.  § 404.1520(a)(4)(i).  If so, the claimant is not disabled.  *Id.*  If not, the ALJ proceeds to step two.  § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments.  § 404.1520(a)(4)(ii).  If there are no severe impairments, the claimant is not disabled.  *Id.*  If there are any severe impairments, the ALJ proceeds to step three.  § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or impairments meet or equal an impairment listed in the regulations.  § 404.1520(a)(4)(iii).  If the claimant's severe impairment or impairments meet or equal one listed in the regulations, the claimant is disabled.  *Id.*  But if the ALJ finds that none of the severe impairments meet any in the regulations, the ALJ proceeds to step four.  § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC").  *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e).  The RFC is a holistic assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy.  *See* 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ completes step four.  20 C.F.R. § 404.1520(e).  If the claimant can perform past relevant work, he or she is not disabled and the analysis ends.  § 404.1520(f).  But if the claimant cannot, the ALJ proceeds to step five.  20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987);

4

20 C.F.R. § 404.1520(a)(v), (g). More specifically, the Commissioner bears the burden of proving that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

Here, at step one, the ALJ determined that Clemm had not engaged in substantial gainful activity since the alleged onset date. Docket Item 9 at 15. At step two, the ALJ found that Clemm suffered from several severe impairments: fibromyalgia, greater trochanteric bursitis, asthma, obesity, and Raynaud's syndrome of her hands and feet. *Id.* at 16. At step three, the ALJ determined Clemm did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four, the ALJ reached Clemm's RFC:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can lift and carry ten pounds on an occasional basis, sit for a total of eight hours during an eight-hour workday with only normal breaks and meal periods, and stand and/or walk up to two hours total in an eight-hour workday. She cannot stoop, crouch, kneel, or climb stairs on more than an occasional basis. She should not work in extreme cold environments. The claimant should not work in unventilated work areas that contain high concentrations of dust, fumes, gases, and vapors.

*Id.* At step five, the ALJ found that Clemm could perform the full range of sedentary work, so there are jobs that exist in significant numbers in the national economy that she can perform. *Id.* at 27. Therefore, the ALJ found that she was not disabled.

5

# LEGAL STANDARDS

## I. DISTRICT COURT REVIEW

When evaluating a decision by the Commissioner, district courts have a narrow scope of review: they are to determine whether the Commissioner's conclusions are supported by substantial evidence in the record and whether the Commissioner applied the appropriate legal standards. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Indeed, a district court ***must*** accept the Commissioner's findings of fact if they are supported by substantial evidence in the record. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). In other words, a district court does not review a disability determination de novo. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

# DISCUSSION

## I.  ALLEGATIONS

Clemm objects to the ALJ's RFC finding only insofar as it addresses or fails to address her mental health evaluations. Docket Item 14-1 at 13-18; Docket Item 18 at 1-4. More specifically, Clemm argues that the ALJ erred by failing to reconcile what she argues is a direct conflict between the two mental health opinions of Drs. Lin and Echevarria and between those opinions and the ALJ's RFC finding. *Id.* She also argues that the ALJ incorrectly weighed Dr. Cushman's "limited evaluation," *see* Docket Item 14-1 at 17, "as a functional assessment," *see* Docket Item 18 at 1; *see also* Docket Item 14-1 at 16-17.

## II. ANALYSIS

When determining a plaintiff's RFC, the ALJ must evaluate every medical opinion received. 20 C.F.R. § 416.927(c). "[O]nly 'acceptable medical sources' can be considered treating sources . . . whose medical opinions may be entitled to controlling weight. 'Acceptable medical sources' are further defined (by regulation) as licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists." *Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) (citing 20 C.F.R. § 416.913(a) and SSR 06-03P, 2006 WL 2329939 (Aug. 9, 2009)). Thus, while the ALJ may consider the opinions of "other sources"—e.g., nurse practitioners—there is no obligation to assign weight or give deference to these sources. *Id.* But the ALJ "should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03P, at *6.

A medical opinion is a statement from an acceptable medical source that "reflect[s] judgments about the nature and severity of [the claimant's] impairment(s), including [] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). "Regardless of its source, [the Commissioner] will evaluate every medical opinion" received. § 404.1527(c). An ALJ must consider several factors when deciding the weight to give a medical opinion, including the examining relationship, the extent and nature of the treatment relationship, the length of the treatment relationship, whether the medical opinion is supported by medical signs and laboratory findings, the opinion's

7

consistency with the record as a whole, the opinion source's specialization, and other factors the claimant brings to the ALJ's attention. § 404.1527(c)(1)-(6).

Here, Clemm argues that the ALJ reached an RFC that is inconsistent with the opinions of Drs. Lin and Echevarria, to which he granted significant weight, without explanation. Docket Item 14-1 at 15. More specifically, she argues that the ALJ erred by not including in the RFC the mild to moderate mental limitations about which these medical sources opined. *Id.* But contrary to Clemm's argument, the opinions of Drs. Lin and Echevarria are not inconsistent with the RFC. Indeed, both providers opined that Clemm's mental limitations did not interfere with her ability to function on a daily basis. *See* Docket Item 9 at 89; 99; 436. Moreover, the ALJ addressed those limitations explicitly and weighed them appropriately in reaching Clemm's RFC. *Id.* at 26. Thus, the "opined limitations" to which Clemm points, Docket Item 14-1 at 15, were addressed by the ALJ but were not relevant to his RFC finding. And contrary to Clemm's argument, the RFC mirrors the two opinions to which the ALJ gave great weight.

Clemm also argues that the opinions of Drs. Lin and Echevarria are inconsistent with each other and that the ALJ erred by giving weight to both opinions without reconciling their inconsistencies. Docket Item 14-1 at 16. According to Clemm, the opinions conflict because contrary to Dr. Lin, Dr. Echevarria "did not find Plaintiff had limitations with stress, maintaining a regular schedule, or performing complex tasks independently." *Id.* But Dr. Echevarria's opinion says nothing about whether Clemm had any such limitations. He did not opine on those issues at all, let alone in a way that conflicted with Dr. Lin's opinion. Docket Item 9 at 89-90. What is more, Dr. Echevarria's opinion that Clemm was able to complete the activities of daily living

8

independently, *id.*, is consistent with Dr. Lin's opinion that none of Clemm's mental limitations interfere with her ability to function on a daily basis, *id.* at 437. So if there were any inconsistencies, they did not affect the relevant conclusions about which both providers and the ALJ agreed.

Finally, Clemm objects to the weight the ALJ gave Dr. Cushman's opinion, calling it a "one-time, non-function-by-function evaluation." Docket Item 14-1 at 16. As a psychologist, Dr. Cushman is an acceptable medical source, and her statement about Clemm's GAF score is a medical opinion because it "reflect[s] judgments about the nature and severity of [Clemm's] impairment(s)." 20 C.F.R. § 404.1527(a); *see also Mitchell v. Colvin*, 2015 WL 5306208, at *12 (S.D.N.Y. Sept. 10, 2015) ("For purposes of the Social Security disability programs, when it comes from an acceptable medical source, a GAF rating is a medical opinion.") (quoting SOCIAL SECURITY ADMINISTRATION, ADMINISTRATIVE MESSAGE AM–13066 REV, (Oct. 14, 2014)). Moreover, the ALJ addressed the appropriate factors in assigning weight to that opinion. He recognized that Dr. Cushman was not a treating source because she examined Clemm only once. Docket Item 9 at 25. He noted that Dr. Cushman's opinion was consistent with her examination as well as with other evidence in the record. *Id.* And he explained that was why he gave Dr. Cushman's opinion the weight that he gave it. *Id.* Again, Clemm's arguments to this Court provide no reason to revisit the ALJ's decision.

## **CONCLUSION**

The ALJ's decision was neither contrary to the substantial evidence in the record, nor did it result from any legal error. Therefore, for the reasons stated above, Clemm's motion for judgment on the pleadings is DENIED, the Commissioner's cross motion for judgment on the pleadings is GRANTED, the complaint is DISMISSED, and the Clerk of Court shall close the file.

SO ORDERED.

Dated: May 28, 2019
           Buffalo, New York

                                      *s/ Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
  &nbsn;                                    UNITED STATES DISTRICT JUDGE